IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN R. SHAY, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 19-1388 |
| | ) District Judge David S. Cercone/ |
| v. | ) Magistrate Judge Maureen P. Kelly |
| | ) |
| WARDEN GILMORE, THE DISTRICT ATTORNEY OF THE COUNTY OF ALLEGHENY, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) |
| | ) |
| Respondents. | ) |

## ORDER STAYING CASE

Kevin R. Shay ("Petitioner") has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"). ECF No. 5. In the Petition, Petitioner attacks his conviction and/or sentence which was obtained in the Court of Common Pleas of Allegheny County. Commonwealth v. Shay, CP-02-CR-0012705-2011 (CCP Allegheny County). We take judicial notice of the dockets in Petitioner's criminal case.[1] Those dockets reveal that he has a currently pending appeal in the Pennsylvania Superior Court which was filed

---

[1] The dockets in Petitioner's criminal case are available at:

https://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-02-CR-0012705-2011&dnh=gMePawArlFJrGIh901A1Jg%3d%3d

(site last visited 12/26/2019).

August 2019. Petitioner also concedes in the Petition that he has such an appeal currently pending. ECF No. 5 ¶ 12.d.

Given the existence of Petitioner's pending appeal in the Superior Court, concerning the very conviction/sentence that he sought to attack via the current Petition in this Court, the Court issued an Order to Show Cause why this case should not be stayed pending Petitioner's complete exhaustion of his state court remedies. ECF No. 6. Petitioner has now filed his Response to the Order to Show Cause (the "Response"). ECF No. 7.

Nothing in the Response persuades the Court not to require that Petitioner first exhaust his state court remedies and only thereafter, come back to federal court to prosecute this Petition. Wakefield v. Gilmore, CV 19-983, 2019 WL 6918395, at *3 (W.D. Pa. Oct. 8, 2019) ("Petitioner has failed to carry his burden to allege facts, showing that he exhausted his state court remedies with respect to this Petition or that exhaustion should be excused due to extraordinary circumstances."), *report and recommendation adopted,* 2019 WL 6911633 (W.D. Pa. Dec. 19, 2019). Because Petitioner has a currently pending appeal in the Superior Court, he has not exhausted his state court remedies. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998)("Nor should we discourage petitioners from exhausting all their claims in state court, even by means of a second or subsequent petition for post-conviction relief where permissible under state law, **before** seeking habeas review in federal court.")(emphasis added); Richardson v. Miller, 716 F.Supp. 1246, 1266 (W.D. Mo. 1989) ("*Fay v. Noia* then explained that the doctrine of exhaustion has always been based solely on principles of comity and, as such, did no more than establish a 'rule of timing' under which, as a matter of comity, the State courts would be

2

afforded the first opportunity to consider a state prisoner's federal claims before a federal court should exercise the habeas corpus power and jurisdiction conferred on it by 28 U.S.C. § 2254(a).") (citations omitted). Nor has Petitioner established any extraordinary circumstances so as to excuse exhaustion. In fact, he seeks to rely on a state law case, i.e., Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017) to establish the alleged wrongfulness of his conviction. In such a situation, it seems particularly appropriate to defer any federal action until the state courts have themselves determined the significance of a state court decision, if any, for Petitioner's conviction.

Accordingly, because Petitioner has a currently pending appeal in the Pennsylvania Superior Court concerning the very same conviction/sentence that he seeks to attack herein, this case is ORDERED to be STAYED. Upon complete exhaustion of his state court remedies, Petitioner may reopen this case by filing a Notice to the Court that the Superior Court has decided his appeal and either that he did not file a Petition for Allowance of Appeal in the Pennsylvania Supreme Court or that he did. Petitioner is ordered to file his Notice to the Court, no later than 45 days after the Pennsylvania Superior Court has decided his appeal. Failure to file the Notice to the Court in a timely manner could result in the dismissal of the case for failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street,

Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

Date: December 24, 2019

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable David S. Cercone
United States District Judge

KEVIN R. SHAY
LH1546
SCI Greene
175 Progress Drive
Waynesburg, PA 15370