# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN R. SHAY, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 19-1388 |
| | ) District Judge David S. Cercone/ |
| v. | ) Magistrate Judge Maureen P. Kelly |
| | ) |
| WARDEN GILMORE, THE DISTRICT | ) |
| ATTORNEY OF THE COUNTY OF | ) ECF Nos. 5 and 10 |
| ALLEGHENY, *and* THE ATTORNEY | ) |
| GENERAL OF THE STATE OF | ) |
| PENNSYLVANIA, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

Kevin R. Shay ("Petitioner") has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"). ECF No. 5. This case was initiated with the receipt of the Petition on October 23, 2019. ECF No. 1-3. The signature page of the Petition is dated October 18, 2019. ECF No. 5 at 12.

**A.    Procedural Background**

In the Petition, Petitioner attacks his conviction and/or sentence which was obtained in the Court of Common Pleas of Allegheny County in Commonwealth v. Shay, Docket No. CP-02-CR-12705-2011 (CCP Allegheny County). We take judicial notice of the docket in Petitioner's criminal case.[1] That docket reveals that Petitioner was convicted by a guilty plea of failure to comply with the registration requirements of the sexual offenders law, 18 Pa. C.S.A § 4915(a)(1). Petitioner was sentenced on August 24, 2012, to serve 11 months and 15 days to 23

---

[1] The docket in Petitioner's criminal case is available at: https://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-02-CR-0012705-2011&dnh=gMePawArlFJrGIh901A1Jg%3d%3d (last visited Mar. 14, 2023).

months, with 5 years of probation to follow.  Petitioner was also ordered to receive 333 days of credit against his sentence of incarceration.

The Petition was served, and Respondents filed an Answer, raising the defenses of procedural default and the statute of limitations.  ECF No. 23 at 6-7.  Respondents did not address the merits of the Petition.  Respondents also did not address forgiveness of procedural default due to a miscarriage of justice, or tolling the statute of limitations due to actual innocence, despite both arguments being apparent from the Petition and Petitioner's supporting brief, ECF Nos. 5 and 10.  See McQuiggin v. Perkins, 569 U.S. 383, 393-94 (2013).

In the Answer, Respondents further suggested that this Court potentially lacked subject matter jurisdiction.  ECF No. 23 at 7-8 (noting that Petitioner may no longer have been in custody pursuant to conviction challenged herein when he filed the instant Petition).  Respondents pointed out that Petitioner was "sentenced on August 24, 2012.  Assuming he began serving the sentence at that time, he would have completed the maximum 23 month incarceration and five year probation sentence prior to" the date on which he filed the Petition.  Id. at 8.  That said, Respondents backtracked on this argument in a footnote in the Answer, admitting that they were uncertain when Petitioner actually began serving this sentence.  Id. at n.2.

Petitioner filed a Traverse, in which he contended, among other things, that he was in custody pursuant to the conviction being challenged because his probation was revoked "for the instant matter."  ECF No. 25 ¶ 5.[2]

Whether Petitioner's sentence had fully expired prior to the initiation of the instant Petition implicates this Court's subject matter jurisdiction.  Maleng v. Cook, 490 U.S. 488, 492

---

[2] In his recent Reply, Petitioner argues that "all partys [sic] may be confussed [sic]" and denies ever having stated that he violated his probation in the conviction underlying the instant Petition. ECF No. 39 at 1.

(1989). Accordingly, the Magistrate Judge issued an Order for Supplemental Answer, in which Respondents were directed to provide, among other things, evidence of when Petitioner's sentence in CP-02-CR-12705-2011 expired. ECF No. 36. Respondents responded that Petitioner's sentence expired on August 27, 2018 – more than a year prior to when the Petition was submitted. ECF No. 37 at 2. In support of this argument, Respondents submit an unauthenticated copy of what they characterize as a "Case Status Sheet." Id. and ECF No. 37-1 at 1-2 (referencing Docket No. CP-02-CR-0012705-2011, and that the sentence therein expired on "8/27/2018.").

Petitioner submitted a Reply to the Supplemental Answer, in which he conceded that his sentence in CP-02-CR-0012705-2011 had expired prior to the filing of the Petition. ECF No. 39 at 1. Petitioner goes on to argue that he should be allowed to attack that conviction because it resulted in sentences for violating his sentences of probation in CP-02-CR-290-2006 and CP-02-CR-918-2007. Id. at 2.

**B.     This Court Lacks Subject Matter Jurisdiction**

Because Petitioner invokes the federal court's jurisdiction, he bears the burden to demonstrate that this case is within this Court's jurisdiction. In other words, Petitioner must affirmatively allege that he was "in custody" at the time of filing his habeas petition, and if challenged, the Petitioner has the burden of persuading the court by a preponderance of the evidence that the court has jurisdiction. See United States. v. Bustillos, 31 F.3d 931, 933 (10th Cir. 1994) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). See also Brown v. Wenerowicz, No 13-1340, 2013 WL 2404152, at *4 (W.D. Pa. May 31, 2013).

"A federal court has jurisdiction to hear a habeas petition only if the petitioner was 'in custody pursuant to the judgment of a State court' when the petition was filed." Piasecki v.

3

Court of Common Pleas, 917 F.3d 161, 165-66 (3d Cir. 2019) (quoting 28 U.S.C. § 2254(a)). For there to be jurisdiction, the petitioner must be "'in custody' that arises 'pursuant to the judgment of a state court' that is under attack." Id. at 166. "Thus, custody is the passport to federal habeas corpus jurisdiction." United States ex rel. Dessus v. Pennsylvania, 452 F.2d 557, 560 (3d Cir. 1971). The United States Court of Appeals for the Third Circuit has explained that "[i]n making a custody determination, a court looks to the date that the habeas petition was filed." Barry v. Bergen Cnty. Prob. Dep't, 128 F.3d 152, 159 (3d Cir. 1997). See also Federal Habeas Manual § 1:4 ("In order to satisfy the custody requirement, the petitioner must be in custody at the time the petition is filed in federal court.") (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Accordingly, for this Court to have jurisdiction to adjudicate his collateral attack on his conviction in CP-02-CR-12705-2011, Petitioner must have been in custody pursuant to his state court criminal judgment in that case on October 18, 2019 (the effective filing date of the instant habeas Petition).

Petitioner concedes that he was not. ECF No. 39 at 1. And his new attempt to bootstrap his attack on his conviction in in CP-02-CR-12705-2011 by invoking the collateral consequences of that conviction on his convictions in CP-02-CR-290-2006 and CP-02-CR-918-2007 does not save this Petition. See, e.g. 1 Federal Habeas Corpus Practice and Procedure § 8.2 (2022) ("[A] prisoner who is not now serving and challenging some part of a consecutive series of sentences cannot file a habeas corpus petition challenging another sentence that has been fully served or the conviction underlying the other sentence—even if the other conviction does or may affect the length or conditions of the prisoner's current sentence. Such a prisoner is not in 'custody' under either the former sentence or a sentence 'consecutive' to it."). See also Maleng, 490 U.S. at 492-93 ("The question presented by this case is whether a habeas petitioner remains 'in custody'

under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not [. . . .] In this case, of course, the possibility of a sentence upon a subsequent conviction being enhanced because of the prior conviction actually materialized, but we do not think that requires any different conclusion. When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody.'").

Petitioner's sentences for violating his probation in CP-02-CR-290-2006 and CP-02-CR-918-2007 are sentences based on separate convictions. They must be attacked via their own habeas petitions. Because Petitioner's sentence at CP-02-CR-12705-2011 had fully expired prior to filing the present federal habeas petition, this Court lacks subject matter jurisdiction to adjudicate the current petition, and the Petition will be dismissed.

### C. Certificate of Appealability

A certificate of appealability will be denied because jurists of reason would not find it debatable whether this Court lacked jurisdiction over the Petition. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000).

Appropriate orders will follow.

Date: March 23, 2023

                                                       s/David Stewart Cercone
                                                     David Stewart Cercone
                                                   Senior United States District Judge

cc    Hon. Maureen P. Kelly
      United States Magistrate Judge

Kevin R. Shay
LH1546
SCI Greene
175 Progress Drive
Waynesburg, PA 15370


All counsel of record (*via* CM/ECF)